(115 So. 809)

No. 28747.

In re WOLFF.

Feb. 13, 1928.     Rehearing Denied March 12, 1928.

*(Syllabus by Editorial Staff.)*

Attorney and client ☞58—Misappropriation of clients' funds and of deposit to bind contract held to require complete disbarment; "gross professional misconduct."

Charges against attorney of misappropriating funds received from his clients and of de-

165 LA.—21

posit received by him to bind contract between other parties, clearly sustained by evidence, *held* to constitute "gross professional misconduct" calling for complete disbarment.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Misconduct.]

Original proceeding by the Disbarment Committee of the Supreme Court to disbar Adolph Wolff. Defendant disbarred.

Charles F. Fletchinger, of New Orleans, and Charles A. Holcombe, of Baton Rouge (Albert P. Garland, of Shreveport, of counsel), for Disbarment Committee.

Adolph Wolff, of Monroe, in pro. per.

LAND, J. The Disbarment Committee of the Supreme Court, duly appointed and constituted in pursuance to the amendatory provisions of rule 20 of this court, has presented in the present proceeding a petition for the disbarment of Adolph Wolff, a resident of the parish of Ouachita, and attorney at law of the Monroe Bar.

Under section 10 of article 7 of the Constitution of 1921, it is provided that the Supreme Court "shall have exclusive original jurisdiction in all disbarment cases involving misconduct of members of the bar, with the power to suspend or disbar under such rules as may be adopted by the court."

The case is before us under our original jurisdiction, and on confirmation of preliminary default entered herein under date of October 6, 1927.

Defendant was personally served with citation, but has failed to make his appearance in this proceeding by the filing of either plea or answer or exception to report of Hon. Allan Sholars, duly appointed commissioner to take and report the evidence in the case.

It appears from the record that defendant was admitted to practice law in all of the courts of this state under certificate of examination by two of the judges of the First judicial district for the parish of Caddo. This certificate is of date March 13, 1909, and re-

cites that defendant presented to the judges examining him a license to practice law issued to him by the Court of Appeals of the State of Virginia, the highest tribunal of that state. Defendant, at the time, presented also to the same judges a certificate as to his good moral character signed by one of the leading law firms of the city of Shreveport.

On March 17, 1909, defendant took the usual oath of office to demean himself honestly in his practice as counselor or attorney at law, and to discharge his duty in every respect to the best of his knowledge and ability.

There is no doubt as to the moral and legal fitness of defendant to have practiced his profession at the date of his admission to the bar in this state.

Three complaints or specific charges are made against defendant by the Disbarment Committee of the Supreme Court in the present case.

### Charge No. 1.

It is alleged that in April or May, 1926, while employed by J. C. Roy to investigate and report on the validity of the title to a piece of real estate which Roy desired to purchase, defendant obtained from his client advance costs to the amount of $10 under the representation that he had discovered a cloud on the title and that legal proceedings were necessary to remove same.

That shortly thereafter defendant reported to his client that the title was affected by a judgment recognizing certain paving liens on the property in question, and which had been obtained by Laza Caspari against Edith Jones in a suit brought in the district court of the parish of Ouachita for the purpose of enforcing these liens.

That advising his client to take an assignment of this judgment from Caspari and to bid in the property when sold at public sale, defendant procured from his client the sum of $75 for that purpose, and delivered to him a purported assignment of the claim and judgment of Caspari, with subrogation of all rights, privileges, and liens.

That as adjudicatee of the property at public sale, J. C. Roy tendered to Laza Caspari, the seizing creditor, this purported assignment in payment of the purchase price.

That this assignment was found to be false and fraudulent and that defendant, instead of having paid the seizing creditor for same, had converted to his own use the money received from his client for that purpose.

### Charge No. 2.

It is alleged that defendant misappropriated on July 20, 1922, the sum of $146.90, paid by check to him by his client, G. O. Dooley, who, as the party cast, had been condemned to pay that amount of cost in the suit of "China Grove Baptist Church v. G. O. Dooley," which had been tried in the district court of Ouachita parish. It is further alleged that Dooley, after the conversion by defendant of the sum so paid, was compelled to satisfy the amount of costs due under the judgment against him by payment of same to the attorney of the plaintiff in the case.

### Charge No. 3.

It is alleged that defendant also misappropriated the sum of $250, placed in his hands by H. H. Nolan to bind a contract and agreement to sell certain lands in Union parish, which had been entered into on April 12, 1924, by H. H. Nolan as seller, with S. J. Jones as prospective purchaser, who had also deposited with defendant a similar amount for the same purpose.

That although a proper title was tendered, Sam J. Jones, client of defendant, refused to accept same and to pay over the price agreed upon, and that thereupon H. H. Nolan demanded the return of the deposit previously made by him, based upon the purchaser's default in the acceptance of title, but that the

defendant, Adolph Wolff, refused to deliver the same.

That H. H. Nolan then instituted suit for specific performance, and, in the alternative, for the return of the deposit placed by him in the hands of the defendant.

That as a compromise and adjustment of the matters in controversy, defendant delivered to the attorney of H. H. Nolan a draft drawn on himself as trustee at Monroe, La., for the sum of $225, representing the return of the deposit made by Nolan to bind the sale, and one-half of the costs expended in filing the suit, and that when this draft was presented to defendant, payment was refused by him.

We agree with the commissioner in his report that the evidence in the case sustains with clear legal certainty the three charges preferred herein against defendant of misappropriation of funds received by defendant from his clients, and of the deposit received by him from H. H. Nolan.

As these charges involve repeated acts of moral turpitude upon the part of defendant, they constitute such gross professional misconduct and such evident lack of moral fitness as to warrant his complete disbarment.

It is therefore ordered and decreed that defendant be found guilty of the several acts of misappropriation of funds herein charged, and that he be debarred from the practice of law within this state in any form, either as principal or as agent, clerk or employee of another, and that he be forbidden from the performance of the following acts for compensation or reward:

(a) The appearance as an attorney or counselor at law before any court, judge, justice, board, commission, or other public authority within the state of Louisiana.

(b) The giving within this state to another of an opinion as to the law or its application, or any advice in relation thereto.

It is further ordered that the certificate of examination admitting defendant to practice law in the courts of this state, obtained by him from the judges of the First judicial district for the parish of Caddo, March 13, 1909, be revoked and withdrawn, and that, within five days after the judgment rendered herein shall have become final, defendant surrender said certificate to the clerk of this court for cancellation.