(136 So. 583)

**In re WOLFF.**

**No. 28747.**

July 17, 1931.

Adolph Wolff, of Monroe, in pro. per.

PER CURIAM.

Adolph Wolff, an attorney at law, who was disbarred by a decree of this court on the 13th of February, 1928, has filed a petition to have the decree of disbarment revoked and to have his license to practice law reinstated.

The causes for which Mr. Wolff was disbarred are stated in the opinion rendered in the disbarment proceeding, In re Wolff, 165 La. 641, 115 So. 809. The ground on which he is asking to be reinstated is that, since he was disbarred, he has made expiation for the offenses for which he was disbarred, has been honorable in his conduct on all occasions, and that the decree of disbarment has therefore served its purpose. His petition is accompanied by a resolution of the Bar Association of the Fourth Judicial District of Louisiana, of which association Mr. Wolff was once a member. In the resolution the bar association affirms the allegations of Mr. Wolff's petition, to their full extent, and asks the court to grant him the relief prayed for. The petition is accompanied also by many letters from prominent citizens of Louisiana, vouching for the fact that Mr. Wolff's conduct has been always honorable and praiseworthy since the decree of disbarment was rendered, and appealing to the court to reinstate him in the license to practice law.

There is no express provision in the law of Louisiana, or in the rules of this court, for revoking a decree of disbarment of an attorney at law. Section 10 of article 7 of the Constitution gives the court exclusive original jurisdiction in disbarment cases involving misconduct of members of the bar, with the power to suspend or disbar, under such rules as may be adopted by the court. It may well be assumed, therefore, that the court has the inherent power, under such rules as the court may deem proper, to revoke a decree of disbarment and reinstate the attorney in his license to practice law. But the court would not be disposed to exercise that power, no matter how sympathetic the members of the court might be, unless perhaps, on being convinced that an error was committed, or an injustice done, in rendering the decree of disbarment. There is no such showing in this case.

It is gratifying to the court to be assured—as the court is assured by the proofs accompanying Mr. Wolff's petition—that he has made atonement for the conduct for which he was disbarred, and that his conduct is now so honorable and exemplary. The duty of disbarring a member of the profession is one of the most painful of the many painful duties which our oath of office imposes upon us; but we must not let our sympathies stand in the way of our responsibilities.

The relief prayed for is denied.