Mr. Justice Richardson
delivered the opinion of the court.
Two questions are presented by the rule:
1st. Has this court the authority to order the accused to be stricken from the roll of attorneys ? '
'2ndly. Ought the court to make such an order under attending circumstances, and the charge proved by the verdict?
Upon the authority of the court to make such an order, there can be little doubt. “ Attorneys, says Bacon, (vol. 1, 306,) are officers of the court, and liable to be punished in a summary way, either by attachment, or having their names struck out of the roll of attorneys, for any ill practice attended with ifraud and corruption, and committed against the obvious rules of justice and common honesty.” ( 2 Hawkins, 217-18-19.) “ If an attorney, (says Tidd, 60) has been fraudulently admitted, or his misconduct has been gross, or if he has been convicted of felony or other of *381 fence which renders him unfit to be continued an attorney, the court will order him to be struck off the roll.” — ■ (1 Inst. 101, 2 Inst. 215.) The adjudged cases which shew that it is competent for the court to exercise such power, are many. (2 Black. Rep. 991. 4 Burr, 2060. 8 Mod. 109. 4 Mod. 367. 4 Cro. Charles, 74. 2 Atk. 173. 12 Mod. 257.) In the modern case, ex parte, Brownsal, (Cowper, 827,) the defendant having been convicted of felony, and burnt in the hand, was struck off the roll. Lord Mansfield said, we have consulted all the judges, and they are unanimously of opinion that the defendant, having been burnt in the hand, is no objection to his being struck off the roll, and it is on this principle that he is an unfit person to practise as an attorney. It is not by way of punishment; but the court on such cases exercise their discretion, whether a man whom they have formerly admitted, is a proper person to be continued on the roll or not. The case of the King vs. Southerton, (6 East, 143,) and that Ex parte, Hill & Hargrave, (2 W. Black. Rep. 99,) are similar instances of the exercise of this power in modern times. To these adjudications, and to the authorities of the best compilers, I may add, that the English statutes of 3 Edw. 1 c. 29, and 4 Hen. 4, which are in af-firmance of the common law in this respect, (See 4 Inst, 101,) and have been made of force in this state, (P. L. 28, 38,) and our own acts of the general assembly for regulating the admission of attorneys, (2 Faust's Collection, 89,) direct the Judges to be assured of the “ character and fitness” of the applicants for admission to the practice of law, which strongly implies that hone but men of integrity should be in the profession. The power to strike an attorney off the roll is then unquestionable.
It remains for me to consider the second question, z. c. Shall that power be exercised in the present case ?
No evidence of a former good character, nor testimonial of reputed integrity has been laid before'the court, in order to weaken the unavoidable inference arising from the conviction of a crime, in itself infamous and we arc: left *382 to s tspcet, that facts would not have warranted an attempt to cinuv" from that source any er-itenuation of the charge propounded. The charge then remaining without abater nu at, regard for the character of the attorneys of the coint, for the safety of litigants who must apply for justice through such officers, and for purity in the administration of the laws, all require that a member so capable of evil practice, and marked by the conviction of a dangerous and iniamous cringe, should no longer remain upon the roll.
The rule is therefore made absolute, and it is ordered that the said Joseph Holding be stricken off the. roll of attorneys, and he rendered Incompetent to practise the profession of an attorney at law in the State of South-Ca-salina.
justices Johnson, Huger, Gantt and CWccd?, concurred .