TALTON A. BRANCH, *Plaintiff in Error,* v. THE STATE OF FLORIDA, *Defendant in Error.*

En Banc.

Opinion filed March 5, 1930.

*Zewadski & Pierce,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Roy Campbell,* Assistant Attorney General, for Defendant in Error.

PER CURIAM.—The writ of error herein was taken to a judgment of disbarment under statutory proceedings. One circuit judge heard a complaint against an attorney at law and after taking testimony as to the nature and circumstances of the offense charged against the attorney, the judge directed the state attorney "to make a motion in writing to disbar" the attorney.

Subsequently the state attorney filed and brought on for hearing before another judge of the same circuit an amended motion to disbar the attorney, the motion set out in substance the information charging assault with intent to murder, and alleging that the attorney had been "duly and legally tried and convicted of an assault with intent to murder," "which act of crime shows him to be unfit for the trusts and confidences reposed in him as an attorney. All of which show that" the respondent "has been

guilty of misconduct and unprofessional acts in his office as attorney at law   *   *   *    and of such unprofessional acts which unfit him for association with the fair and honorable members of the profession.''

The respondent demurred to the motion and by answer specifically denied the allegations contained in the motion.

The State proved the record of the conviction alleged and the identity of the respondent as the person so convicted, but did not prove the circumstances of the assault. Nor did the purported judgment contain within it any adjudication of the respondent's guilt. The respondent was not allowed to testify as to ''the facts and circumstances leading up to'' the assault. A judgment of disbarment was rendered and entered. Section 4172, Comp. Gen. Laws 1927, provides that:

''Whenever it shall be made known to any judge of the circuit court that any attorney at law, practicing in any of the courts in his judicial circuit, has been guilty of dishonest conduct, or habits of general immorality, or any such single act of crime or vice as may show him to be unfit for the trusts and confidence reposed in him as an attorney, or of deceit or misconduct in his office of attorney, or of suppressing or attempting to suppress any testimony in any case, or of tampering with any record, or of stirring up litigation, or being drunk while the case under his charge is being considered in court, or any unprofessional acts which unfit him for association with the fair and honorable members of the profession, it shall be the duty of such judge to direct the state's attorney for the circuit to make in writing a motion, in the name of the State, to disbar such attorney, setting forth in the motion the particular acts or conduct for which the attorney is sought to be disbarred.''

Section 4196, Comp. Gen. Laws, provides:

"No sheriff, or clerk of any court, or deputy of either, shall practice in this State, nor shall any person not of good moral character, or who has been convicted of an infamous crime be entitled to practice."

This latter provision does not define any grounds for disbarment, but merely denies to the classes named the privilege to practice as an attorney in the courts.

Assuming that a legal conviction of the respondent for committing an infamous crime was duly proven, there was before the judge who tried the disbarment charge, no evidence as to whether the crime was committed by the respondent under such circumstances as "show him to be unfit for the trusts and confidences reposed in him as an attorney," or as showing "any unprofessional acts which unfit him for association with the fair and honorable members of the profession," under Section 4172, Comp. Gen. Laws 1927, which section defines the grounds on which a disbarment may be adjudged.

Reversed.

TERRELL, C. J., AND WHITFIELD, STRUM AND BUFORD, J. J., concur.

BROWN, J., concurs specially.

ELLIS, J., dissents.

BROWN, J.—I am of the opinion that if the purported judgment had been sufficient to show an adjudication of the respondent's guilt of the crime of assault with intent to murder, this alone would have been sufficient to sustain the judgment of disbarment.

STRUM, J., concurs. TERRELL, C. J., concurs.

ELLIS, J. (dissenting):

I agree with the thought expressed by Mr. Justice BROWN and I also think that the judgment of disbarment upon the record was sufficient and should be affirmed.