# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE

NEWS RELEASE #030

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **29th day of June, 2026** are as follows:

**BY McCallum, J.:**

2025-KK-01398       STATE OF LOUISIANA   VS.   MESSIAH OWNEY (Parish of Orleans Criminal)

AFFIRMED AND REMANDED. SEE OPINION.

Weimer, C.J., concurs and assigns reasons.

On Supervisory Writ to the Criminal District Court, Parish of Orleans Criminal

**McCALLUM, J.**[*]

An attorney, in the zealous representation of his client, has afforded this Court the opportunity to correct a practice of the Orleans Parish Juvenile Court system that, although authorized by its local rules, nevertheless conflicts with governing laws that cannot be disregarded. The issues before us are narrow but consequential: whether local court rules permitting a juvenile court hearing officer to issue arrest and search warrants are valid under state law; and, if not, whether warrants already issued in accordance with those rules must be set aside. The latter issue calls into question whether arrests or searches made pursuant to warrants issued by hearing officers are valid.

After reviewing the relevant statutory framework and the limited jurisprudence addressing these issues, we hold that Subsections (B) and (E) of Rule 41 §12 of the Local Rules of Court for the Orleans Parish Juvenile Court, *infra*, conflict irreconcilably with the Louisiana Children's Code, the Louisiana Code of Criminal Procedure, and the Louisiana Constitution, each of which reserves warrant-issuing authority to judges and magistrates, except where expressly provided to the contrary. Those provisions are null and void, as a local court rule cannot supplant

---

[*] Judge Allison H. Penzato of the Court of Appeal, First Circuit, heard this case as Justice *pro tempore*, sitting for the vacancy in the First District. She is now appearing as an *ad hoc* for Justice William Burris.

what the Legislature has withheld. What a local rule cannot authorize, it cannot validate.

Having determined these provisions of the local rule are invalid, we considered the second question presented by this appeal—whether warrants issued by a hearing officer prior to this decision are also invalid. This issue is readily resolved by applying the *de facto* officer doctrine. Grounded in public policy and the orderly function of government, the *de facto* officer doctrine validates actions taken despite defects in authority. Guided by the *de facto* officer doctrine, we find that warrants issued by a hearing officer who is later determined to have acted without authority are not rendered void solely by virtue of this legal infirmity. As a result, although the hearing officer here issued the arrest and search warrants without valid authority, he nevertheless reasonably acted in reliance on an apparently valid rule of court. For this reason, the defendant's arrest was lawful, and the evidence obtained is admissible. The public is entitled to the protection the *de facto* officer doctrine affords.

## FACTS AND PROCEDURAL HISTORY

On May 23, 2024, defendant Messiah Owney was arrested and charged with armed robbery with a firearm, attempted armed robbery with a firearm, attempted second degree murder, conspiracy to commit armed robbery, unlawful possession of a machine gun, and carrying of a weapon on school property. He was seventeen years old at the time of the offense. A hearing officer signed an arrest warrant and related search warrants from which evidence against the defendant was obtained.[1] The hearing officer issued these warrants pursuant to a local rule of the Orleans Parish Juvenile Court authorizing hearing officers to review applications and issue

---

[1] In fact, as discussed *infra*, the local rule in question requires the New Orleans Police Department ("NOPD") to contact the elected judges only in the event of the hearing officer's unavailability.

2

warrants. Defendant filed a motion to suppress evidence, arguing the hearing officer lacked statutory authority to act as a magistrate in issuing the warrants.

The trial court agreed that the warrants were improperly issued and thus invalid. The State moved for reconsideration on the basis that the Orleans Parish Juvenile Court's local rules authorize the hearing officer to issue warrants. The trial court agreed to reconsider its ruling as the local rule had not been discussed during the first hearing. Following the hearing, the trial court reversed its previous decision and denied the motion to suppress the evidence.

Defendant appealed to the Fourth Circuit, which denied the writ without reasons. Defendant then filed a writ application with this Court, challenging (1) the statutory authority of an Orleans Parish Juvenile Court hearing officer to issue arrest and search warrants under La. Ch. Code art. 423 and La. Code Crim. Proc. art. 931; and (2) the constitutionality of a local rule authorizing hearing officers to issue search and arrest warrants. We granted the application. *State v. Owney*, 25-01398 (La. 2/12/26), 427 So. 3d 737.

## DISCUSSION

We first consider whether a local rule authorizing hearing officers to issue warrants is constitutional.

This Court has long recognized that rules of court have the effect of law upon both the judge and the litigants. *Trahan v. Petroleum Cas. Co.*, 250 La. 949, 956; 200 So. 2d 6, 8-9 (1967); *see also*, *Jefferson v. Jefferson*, 244 La. 493, 500-01; 153 So. 2d 368, 370 (1963) ("a rule of court, like a statute, has the force and effect of law"). But that authority yields entirely when a local rule conflicts with legislative enactment. *Id. See also*, *Rodrigue v. Rodrigue*, 591 So. 2d 1171, 1171-72 (La. 1992). A local rule that contravenes legislation is null and void and cannot be enforced. *Trahan*, 250 La. at 956, 200 So. 2d at 8-9. Similarly, when a conflict exists between

3

a local rule and legislation, the legislation controls. *State v. Cooper*, 10-2344, p. 5 (La. 11/16/10), 50 So. 3d 115, 121.

The Code of Criminal Procedure permits courts to adopt local rules "for the conduct of criminal proceedings before it, not in conflict with provisions of this Code or of other laws." La. C.Cr.P. art. 18. While Article 18 allows for a court's adoption of local rules, those rules must still pass constitutional muster. As this Court has observed, "[t]he general principle concerning the rule-making power of courts is stated in 21 Corpus Juris Secundum, Courts, §172, p. 266, as follows: 'The principle that courts may prescribe reasonable rules, not contravening the constitution or statutes, *nor affecting substantive law*, has been applied to rules regulating various matters of practice and procedure.' (Italics ours.)." *Louisiana State Bar Ass'n v. Connolly*, 201 La. 342, 365; 9 So. 2d 582, 589 (1942). It is thus well-settled that "[l]ocal rules of court . . . cannot conflict with legislation and will be declared null and void to the extent they conflict with a statute." *Willrige v. Willrige*, 2023-47, p. 14 (La. App. 3 Cir. 11/2/23), 373 So. 3d 731, 740 (citing *Rodrigue v. Rodrigue*, 591 So. 2d 1171 (La. 1992)).

As Article 18 specifically states, a local rule adopted by a court may not conflict with any other laws. This is consistent with the constitutional mandate that lawmaking authority rests exclusively with the legislature. *See Krielow v. Louisiana Dep't of Agric. & Forestry*, 13-1106, p. 5 (La. 10/15/13), 125 So. 3d 384, 388 ("the legislature is vested with the sole law-making power of the State"); La. Const. Ann. art. III, §1(1)(A) ("The legislative power of the state is vested in a legislature."). When the legislature has enacted certain laws governing a particular matter, a local court rule may not alter or deviate from the statutory scheme. Thus, as here, where the legislature has not authorized hearing officers to issue arrest or search warrants, a local court rule purporting to confer that authority is null and void because it

enlarges the limited statutory authority of the court officer rather than merely regulating procedure.

The provisions at issue in this case are Subsections (B) and (E) of Rule 41 §12 of the Local Rules of Court for the Orleans Parish Juvenile Court. The former provides that a hearing officer "shall be subject to call for emergency hold orders and/or arrest and search warrants," and further, that applications for arrest and search warrants are to be handled by the hearing officer. The latter reinforces this arrangement, providing that "[i]n cases where the issuance of a search and/or arrest warrant is required, the NOPD shall attempt to contact the hearing officer" first, with the duty judge contacted only upon the hearing officer's absence or unavailability.

The local rules of the Orleans Parish Juvenile Court define "Hearing Officer" as "an attorney appointed by the Orleans Parish Juvenile Court on a full or part-time basis to hear cases and to make recommendations to the court, as allowed by law." La. Dist. Ct. Rules, Orleans Par. Juv. Ct., Title V, Ch. 41, R. 41, ("Local Rule 41"), *Definitions and Abbreviations*. While this local rule authorizes hearing officers to "hear cases" and "make recommendations," it does permit a hearing officer to issue warrants. Further, the inclusion of such authority in a local court rule could not be reconciled with other state laws, as the legislature has not granted hearing officers this authority. By contrast, the legislature has specifically authorized certain commissioners to issue warrants. *See*, *e.g.*, La. R.S. 13:713 B(1)(g) (commissioners of the Nineteenth Judicial District may "[s]ign and issue search and arrest warrants"); La. R.S. 13: 716 B(1) (commissioners of the Fifteenth Judicial District may "sign and issue search and arrest warrants").

Similarly, in the Code of Criminal Procedure, the legislature has expressly designated warrant-issuing authority to judges and magistrates. Article 162 provides that a search warrant may be issued only by a judge. La. C.Cr.P. art. 162(A) ("A search warrant may issue only upon probable cause established to the satisfaction of

5

*the judge*, by the affidavit of a credible person, reciting facts establishing the cause for issuance of the warrant.") (emphasis added). Articles 202 and 203 allow arrest warrants to be issued by a magistrate. La. C.Cr.P. art. 202(A) ("A warrant of arrest may be issued by any magistrate. . . "); La. C.Cr.P. art. 203(6) (An arrest warrant may "[b]e signed by the magistrate with the title of his office."). Notably, La. Code Crim. Proc. art. 931 defines "magistrate" as "any judge, a justice of the peace, or a mayor of a mayor's court."

In *State v. Umezulike*, 03-1404, p. 12 (La. 2/25/04), 866 So. 2d 794, 802, this Court found La. R.S. 13:716(B)(1)—which delegated authority to issue search warrants to the Commissioner of the Fifteenth Judicial District Court—constitutional. In *Umezulike*, we analyzed whether the issuance of a search warrant by a commissioner constitutes a "judicial power" as intended by the Louisiana Constitution of 1974,[2] and whether this delegation of authority violates the separation of powers doctrine. We observed that Louisiana Const. art. 1, §5 "does not specifically require that a warrant shall be issued by a judge." *Id*., 03-1404, p. 6, 866 So. 2d at 799. We concluded that the issuance of a search warrant is a quasi-judicial function, therefore, the statute permitting the commissioner to issue search warrants "is constitutional as it does not delegate a solely 'judicial power' to the commissioner." *Id*., 03-1404, p. 12, 866 So. 2d at 802.

Unlike the instant matter, *Umezulike* dealt with a *legislative* grant to a commissioner of the authority to issue warrants. Here, no legislative enactment confers the authority to issue search and/or arrest warrants to a hearing officer. A hearing officer is neither a judge, a commissioner, nor a magistrate as defined by Article 931, *supra*. This distinction is dispositive: whereas *Umezulike* involved a

---

[2] The "judicial power" inquiry in *Umezulike* focused on La. Const. Ann. art. V, §1, providing that "[t]he judicial power is vested in a supreme court, courts of appeal, district courts, and other courts authorized by this Article." *Umezulike*, 03-1404, p. 4, 866 So. 2d at 797-798.

commissioner acting pursuant to a statute the legislature had the authority to enact, the hearing officer in this matter acted pursuant to a local court rule that directly contravenes statutes enacted by the legislature. The former is constitutionally defensible whereas the latter is not. A local court rule cannot confer authority that the legislature has declined to grant.

Accordingly, we find that Subsections (B) and (E) of Local Rule 41 §12 are null and void and cannot be enforced. By designating the hearing officer as the primary and preferred warrant-issuing official—with an elected judge as a contingency—the rule disregards the hierarchy established by Louisiana Code of Criminal Procedure Articles 162, 202-203, and 931. That conflict is fatal to the local rule. *Rodrigue*, 591 So. 2d at 1171-72; *Trahan*, 250 La. at 956, 200 So. 2d at 9.

We find further support for our holding in the legislature's decision not to extend to hearing officers the territorial jurisdiction to issue warrants. Louisiana Code of Criminal Procedure Article 161 provides that this territorial jurisdiction extends throughout the court's district—but this authority is expressly reserved to judges and justices of the peace, "only in those cases specifically provided by law." Read with Articles 162, 202, and 203, Article 161 further demonstrates the legislature did not contemplate granting this authority to hearing officers.

Our holding is also supported by the provisions of the Louisiana Children's Code, which define and limit the authority of juvenile court hearing officers. Article 423 of the Children's Code lists the duties of a hearing officer; namely:

   (1) Administering oaths.
   (2) Compelling the attendance of witnesses and issuing subpoenas.
   (3) Taking testimony.
   (4) Making a record of the hearings.
   (5) Summarizing testimony, making findings of fact, and submitting a written recommendation to the court concerning the disposition of the assigned matter.

7

> (6) Hearing and making recommendations on all restraining orders and protective orders filed in accordance with Articles 1569 and 1570.

La. Ch. C. art. 423(C). This article is silent as to the issuance of arrest or search warrants, signifying that this authority was deliberately omitted by the legislature. A local rule cannot expand that which the legislature has clearly withheld. *See Trahan*, 250 La. at 956, 200 So. 2d at 9; *see also*, *Filson v. Windsor Court Hotel*, 04-2893, p. 6 (La. 6/29/05), 907 So. 2d 723, 728 ("the doctrine of *Expressio Unius est Exclusio Alterius*,[3] dictates that when the legislature specifically enumerates a series of things, the legislature's omission of other items, which could have easily been included in the statute is deemed intentional.").

Local Rule 41 itself reinforces this conclusion by allowing the hearing officer to perform duties "not inconsistent with the Louisiana Children's Code or with the constitution and laws of the state." Local Rule 41 §2. By assigning hearing officers the power to issue warrants, the local rule is inconsistent with the Children's Code, the Code of Criminal Procedure, and the Louisiana Constitution. Therefore, Subsections (B) and (E) of Local Rule 41 are null and void on their face—under both the governing legislation and even its own limiting terms. *Rodrigue*, 591 So. 2d at 1171-72.

We must now determine whether, based on the nullity alone, search and arrest warrants previously issued by a hearing officer pursuant to the local rules are invalid; and, whether arrests made and evidence seized pursuant to these warrants must be suppressed. For the following reasons, we find such warrants and arrests are valid, and the evidence seized is admissible.

The *de facto* officer doctrine, a well-recognized principle, validates acts performed by a person acting under the color of official title, even where the legal

---

[3] The expression of one thing is the exclusion of another.

basis for that authority is later found to be deficient. *O'Reilly*, 00-2864, p. 12, 785 So. 2d at 776-77 (quoting *Ryder v. U.S.*, 515 U.S. 177, 180 (1995)). "A person is a 'de facto' officer when he or she is in possession of an office and discharges its functions under color of authority." *Id*., 00-2864, p. 12, 785 So. 2d at 777. Grounded in public policy, this doctrine protects the public by ensuring the orderly function of the government despite technical defects in the actor's authority. *Id.*

A person qualifies as a *de facto* officer when exercising the duties of an office under the color of an appointment made pursuant to an invalid law or rule, before that infirmity has been judicially declared. *Id.* at 777-78. As this Court made clear in *O'Reilly*, even where "an office is provided for by an unconstitutional statute. . . , for the sake of public policy and public justice, [the incumbent] will be recognized as an officer *de facto* until the unconstitutionality of the Act has been judicially determined in a direct proceeding for that purpose." *Id.* at 777. Until that determination is made, the acts of a *de facto* officer are valid and effective as to the public and the rights of third parties, as though the officer was acting *de jure*. *Id*.

In an analogous case, *State v. Stripling*, 354 So. 2d 1297, 1300 (La. 1978), the defendants challenged the validity of a search warrant issued by a commissioner on the basis that "Act 548 of the Legislature for the year 1974, which purported to create the office of the Commissioner, did not have a vote of two-thirds of the membership of the House of Representatives as required . . . [by] the Constitution of 1921." *Id.*, 354 So. 2d at 1300. This Court, noting that a determination of whether the act was constitutional was not essential to the case, held:

> The commissioner issuing the warrant was at least a de facto officer acting under color of authority. Until his title to the office is attacked directly and held to be invalid, the acts of a de facto official are as valid and effectual, when they concern the public or the rights of third parties, as though he were an officer de jure and cannot be collaterally attacked.
>
> *Id*., 354 So. 2d at 1300-01.

The application of the *de facto* doctrine is appropriate even where, as here, the underlying grant of authority is deemed legislatively infirm. In this case, the hearing officer appointed by the court acted in reliance on an apparently valid local rule by discharging duties under that rule when he issued the arrest and search warrants. He acted in full public view and presented no appearance of being an intruder or usurper. *See O'Reilly*, 00-2864, p. 12, 785 So. 2d at 777 (quoting *Ryder*, 515 U.S. at 180) ("to satisfy the de facto officer doctrine the officer must be in the unobstructed possession of an office and discharging its duties in full view of the public, in such manner and under such circumstances as not to present the appearance of being an intruder or usurper."). The warrant-issuing authority purportedly granted by Local Rule 41 §12(B) and (E) had not been judicially declared invalid when the warrants at issue were signed. The hearing officer was, at minimum, a *de facto* officer acting under the color of right. The warrants issued pursuant to that authority are valid and may not now be set aside on the basis of the local rule's invalidity alone. Consequently, both defendant's arrest and the seizure of evidence under the authority of the search warrant are likewise valid.[4]

## DECREE

For the foregoing reasons, we find that Subsections (B) and (E) of Local Rule 41 §12 of the Orleans Parish Juvenile Court are unconstitutional as they purport to vest authority to issue arrest and search warrant in its hearing officers, as those provisions directly conflict with Louisiana Children's Code Article 423 and Louisiana Code of Criminal Procedure Articles 18, 161-162, 202-203, and 931. However, the warrants previously issued by the hearing officer pursuant to those provisions are valid under the *de facto* officer doctrine. The trial court's ruling,

---

[4] There is no evidence of invidious behavior of the NOPD officers that would be discouraged by suppression of the evidence.

denying defendant's motion to suppress, is affirmed. We remand this case further proceedings consistent with this opinion.

**AFFIRMED AND REMANDED.**

# SUPREME COURT OF LOUISIANA

### No. 2025-KK-01398

### STATE OF LOUISIANA

### VS.

### MESSIAH OWNEY

*On Writ of Certiorari to the Court of Appeal, Fourth Circuit,*
*Parish of Orleans*

**WEIMER, C.J.**, concurring.

I agree with the majority that the evidence should not be suppressed based on the *de facto* officer doctrine because the local court rule is presumed constitutional until this court determines otherwise. As such, the police officers who procured the warrant could not be in bad faith.

"According to [La. Const. art. V, § 1], judicial power is vested in certain courts which are comprised of elected judges." **State v. Umezulike**, 03-1404 (La. 2/25/04), 866 So.2d 794, 803 (Weimer, J., concurring in part and dissenting in part). Because the Louisiana Constitution does not authorize hearing officers to issue warrants, I agree with the determination that the hearing officer lacked the authority to issue a warrant. Consequently, it is not necessary to review any statute or local rule that purports to give a juvenile hearing officer authority to issue warrants.

1