140 So. 500

**STATE v. GOWLAND.**

**In re GOWLAND.**

**No. 18186.**

Feb. 29, 1932.

Joseph Q. Gowland, in pro. per.

PER CURIAM.

On the 19th of December, 1898, Joseph Q. Gowland was licensed by this court to practice law in Louisiana. On the 29th of July, 1909, he was indicted by the grand jury in New Orleans for the forgery of a promissory note for $2,000 and for uttering the forged note as true. He pleaded guilty, and on the 6th of August, 1909, was sentenced to imprisonment in the penitentiary for the term of four years on each count in the indictment. On the 28th of May, 1910, Gowland was disbarred by a decree of this court, rendered in a proceeding brought by the Attorney General, founded solely upon the conviction and sentence. State v. Gowland, 126 La. 262, 52 So. 480. On the 17th of May, 1911, when Gowland had served less than two years of his sentence, he was fully pardoned by the Governor.

Gowland now asks, in a petition filed on the 25th of January, 1932, that this court rescind its decree of disbarment, dated the 28th of May, 1910, and revive, restore, and renew his license to practice law. The petition is accompanied by many letters and testimonials of men of great prominence and undoubted veracity, attesting that Mr. Gowland's conduct has been praiseworthy ever since his pardon, and that he has occupied employments of trust and honor, and has discharged his duties invariably with honesty and fidelity to his employers. There is also annexed to the petition a photostatic copy of a commission issued by the Governor of Illinois to Mr. Gowland, as notary public in and for Cook county, Ill., dated the 22d of October, 1927. It appears that Mr. Gowland resided in Chicago, and established a very good reputation there, during most of the time

after he was pardoned, but has recently re-established his residence in New Orleans.

He cites the expressions of Mr. Justice Field, in Ex parte A. H. Garland, 4 Wall. 333, 380, 18 L. Ed. 366, which were quoted with approval by this court in State v. Lee, 171 La. 744, 132 So. 219, viz.:

"Such being the case, the inquiry arises as to the effect and operation of a pardon, and on this point all the authorities concur. A pardon reaches both the punishment prescribed for the offence and the guilt of the offender; and when the pardon is full, it releases the punishment and blots out of existence the guilt, so that in the eye of the law the offender is as innocent as if he had never committed the offence. If granted before conviction, it prevents any of the penalties and disabilities, consequent upon conviction, from attaching; if granted after conviction, it removes the penalties and disabilities, and restores him to all his civil rights; it makes him, as it were, a new man, and gives him a new credit and capacity.

"There is only this limitation to its operation: It does not restore offices forfeited, or property or interests vested in others in consequence of the conviction and judgment."

Mr. Gowland, of course, does not contend that his being pardoned has had the effect of restoring his license to practice law. He merely appeals to the court to exercise its inherent power to vacate its judgment of disbarment, in accordance with section 10 of rule XVIII of the Rules of Court, which section provides that, when a member of the bar has been disbarred because of his having been convicted of a felony, and is afterwards pardoned, "the court, upon application, may vacate or modify such order of disbarment."

In a recent case, In re Wolff, 173 La. 257, 136 So. 583, where the applicant for reinstatement as a member of the bar had been disbarred for professional misconduct, but had not been convicted of any crime, this court recognized its inherent power, in a proper case, to revoke a decree of disbarment and to reinstate the attorney's license to practice law, but the court declined so to do in that case, because it was not shown that an error was committed or an injustice done in the rendering of the decree of disbarment. That case, unlike the present case, did not come under section 10 of rule XVIII of the Rules of Court, but our ruling in Wolff's Case serves as an example of our reluctance to allow our sympathies to influence us unduly in a matter of this kind. A disbarment proceeding is not a means of punishing an attorney at law, for misconduct, or even a means of setting up an example to deter other attorneys at law. Disbarment proceedings are intended only for the betterment of the profession and for the protection of the members of society generally, who at times have to intrust their business and personal affairs to members of the profession of law.

The record now presented to the court leaves no doubt that Mr. Gowland has re-established in every way his good citizenship and the good record and reputation which he enjoyed before he got into the trouble for which he has paid so dearly. But we do not believe that the license to practice law, issued to Mr. Gowland more than thirty-three years ago, and revoked nearly twenty-two years ago, should be reinstated now, as evidence of his present fitness and intellectual

equipment to practice law. According to the ruling in Ex parte Garland, and State v. Lee, supra, the Governor's pardon of Mr. Gowland had the effect of removing the disqualification, which had resulted from his conviction, for admission to the bar. Whether he can qualify again, under the requirements of rule XV, for admission to the bar, is a matter which rests primarily with the examining committee, provided for in the rule.

The court declines to grant the relief prayed for.

ST. PAUL, J., concurs in the result.