24964. PAYNE *v.* THE STATE.

DECIDED JANUARY 16, 1936.   REHEARING DENIED JANUARY 30, 1936.

*John H. Payne,* pro se.

*John A. Boykin, solicitor-general,* contra.

BROYLES, C. J.   The plaintiff in error, an attorney at law, was disbarred by the superior court of Fulton County, and subsequently reinstated on condition that he would abstain from the use of intoxicating liquors, and otherwise properly demean himself, for a period of one year, which condition he accepted and agreed to in writing. Before the expiration of the year he was convicted of a misdemeanor (being intoxicated on a public highway); and because of such conviction his reinstatement to the bar was revoked by the court on July 1, 1933.   Subsequently he was granted by the governor a full pardon for the offense of which he had been convicted.   He presented to the superior court the evidence of his pardon, and moved that the court set aside its previous order revoking his reinstatement.   The motion was predicated solely on the ground of his pardon, and was considered by all five of the judges of the superior court of Fulton County, who passed the following order: "Upon consideration of the foregoing motion, by the court in banc, it is adjudged that the pardon is of no effect on and has no relation to the order herein of July 1st, 1933, of this court. and the said order is hereby affirmed; and it is therefore ordered that the within

motion be and the same is hereby denied, by a concurrence of all the judges." To this judgment the movant excepted. Certain constitutional questions were attempted to be raised in the bill of exceptions, and by order of the judges the bill of exceptions and the record were transmitted to the Supreme Court, and by order of that court they were transferred to this court.

1. It is well settled that a constitutional question can not be raised for the first time in a bill of exceptions. It must be raised in some way during the trial of the case. *McClelland* v. *State*, 27 *Ga. App.* 783 (110 S. E. 245); *Hutchings* v. *Roquemore*, 164 *Ga.* 637 (139 S. E. 216). It follows that the constitutional questions attempted to be raised for the first time in the bill of exceptions can not be considered by this court.

2. A disbarment proceeding is in no sense a criminal prosecution. Its primary objective is not the punishment of the attorney, but the protection of the courts and the public by removing from the profession one shown to be unfit for the discharge of its important and honorable duties. In re Bowman, 7 Mo. App. 567. Courts have the inherent power to admit persons to the practice of the law, and the right to disbar them for sufficient cause. The statutes do not limit the general powers of the courts over attorneys at law, and they may be disbarred for other than statutory grounds; and this inherent power can not be defeated by the legislative and executive departments, although its exercise may be regulated by statute. See, in this connection, 6 C. J. 580, §§ 36, 37; *Wood* v. *State*, 45 *Ga. App.* 783 (3), 789 (165 S. E. 908); State *v.* Gowland, 174 La. 351 (140 So. 500); In re Kaufman, 245 N. Y. 423 (157 N. E. 730).

3. Under the facts of this case, while the pardon granted by the Governor had the effect of relieving the plaintiff in error from the punishment imposed upon his conviction of being intoxicated on a public highway, and making him eligible to apply for readmission to the bar, such readmission was nevertheless a matter within the discretion of the court. 6 C. J., 587, § 45; *Gibson* v. *Lee*, 51 *Ga. App.* 594 (181 S. E. 192); State *v.* Gowland, supra. A reinstatement to the bar did not follow automatically from the grant of the pardon. In re Kaufman, supra; People ex rel. Johnson *v.* George, 186 Ill. 122, 57 N. E. 804. "The attorney seeking reinstatement has the burden of satisfying the court of his fitness

to be restored to so honorable a fellowship." In re Kaufman, supra. The case Ex Parte Crisler, 159 Miss. 247, 132 So. 103 (Miss.), is distinguished from the cases cited above, and from this case, by the fact that the statute of Mississippi makes the disbarment of an attorney part of the punishment for the commission of the offense which caused his disbarment.

4. It does not appear that the court abused its discretion in denying the motion for reinstatement.

*Judgment affirmed. MacIntyre and Guerry, JJ., concur.*