O’NIELL, Chief Justice.
 

 In 1909, Joseph Q. Gowland, who was a licensed attorney at law, was indicted by the grand jury for the crime of forgery and for uttering as true the forged instrument. He pleaded guilty and was sentenced to imprisonment in the penitentiary. In 1910 he was disbarred by a decree of this court, in a proceeding based upon the fact that he was convicted of a felony. See State v. Gowland, 126 La. 262, 52 So. 480. In 1911, when Gowland had served only a part of the term for which he’ was sentenced, he was granted a full pardon with restoration of franchise. In 1932, he presented a petition to this court, to have the court rescind its decree of disbarment, and to revive or renew his license to practice law. 174 La. 351, 140 So. 500. He quoted Ex parte Garland, 4 Wall. 333, 380, 18 L.Ed. 366, and State v. Lee, 171 La. 744, 132 So. 219, in- support of -the proposition that a pardon does not merely release the punishment but blots out of existence the guilt itself, so that in the eye of the law the offender is as innocent as if he had never committed the offense. Gowland’s petition was' ac
 
 *83
 
 companied by many testimonials by men of prominence, vouching for his good moral character and conduct ever since he was pardoned. But, for the reasons which are published in the report of the case — one of the reasons being that Gowland had been out of the practice of law in Louisiana for twenty-two years — the court declined to revive or renew his license. At the same time the court observed that the pardon of Gowland had removed his disqualification to become an applicant for admission to the bar. See State v. Gowland, 174 La. 351, 140 So. 500.
 

 Gowland is now asking the court to declare its decree of disbarment, which was rendered on the 28th day of May, 1910, absolutely null, on the ground that the offense with which he was charged was not “professional misconduct,” and hence that the court was without jurisdiction to render the decree of disbarment. The argument has reference to the fact that, in article 85 of the Constitution of 1898, conferring upon this court original jurisdiction over disbarment cases, it was said: “and [the supreme court] shall have exclusive original jurisdiction in all matters touching professional misconduct of members of the bar, with power to disbar under such rules as may be adopted by the court.” In thte Constitution of 1921, article 7, § 10, the word “professional” is omitted —thus : “It [the supreme court] shall have exclusive original jurisdiction in all disbarment cases involving misconduct of members of the bar, with the power to suspend or disbar under such rules as may be adopted by the court.”
 

 If this omission of a word in the provisions of the Constitution relating to disbarment cases was intended to enlarge the jurisdiction of the court over such cases, it is likely that the change was prompted by the observation in State v. Fourchy, 106 La. 743, 744, 31 So. 325, that the jurisdiction conferred upon this court in disbarment cases, by article 85 of the Constitution of 1898, did not extend to nonprofessional misconduct.
 

 We find it unnecessary, however, in this case, to express an opinion as to whether the jurisdiction of this court over disbarment cases was enlarged, with regard to the causes for which the court might disbar a lawyer, by the Constitution of 1921. The cause for which Mr. Gowland was disbarred was not “professional misconduct,” but was the fact that he was convicted of a felony and was thereby disfranchised. One who is deprived of his citizenship by being convicted of a felony is disqualified and ineligible to be an attorney at law. According to section 111 of the Revised Statutes of 1870, a person is not eligible to be an attorney at law in Louisiana unless he has “the qualifications (except that of residence) necessary to constitute a legal voter.” That law never was repealed, as far as we know. On the contrary, in the Supreme Court Rules, adopted December 19, 1896, and in force when Gowland was disbarred, the very first qualification required of a candidate for admission to the bar was declared in section 2 of rule 14, 48 La.Ann. xvii, to be “Evidence of citizenship of the State of Louisiana.” The reason for that
 
 *85
 
 is that, under the judicial system prevailing in this country, an attorney at law is an officer of the courts. In section 6 of article 8 of the Constitution of 1921, it is declared that one who has been convicted of any crime which may be punishable by imprisonment in the penitentiary, and has not been pardoned with express restoration to franchise, shall not be permitted to register, vote, or hold any office or appointment of honor, trust, or profit. The same provision, substantially, was made in article 202 of the Constitution of 1898, which was in force when Gowland was disbarred, and which was sufficient authority for the court to disbar him for having been convicted of a felony — regardless of whether the felony partook of professional misconduct. In such cases it is not the nature of the crime, but the conviction itself, and the consequent disfranchisement, that causes the disbarment.
 

 The petitioner in .this case cites and relies upon the ruling in State v. Weber, 141 La. 448, 75 So. 111, as well as the ruling in State v. Fourchy, supra. ,The decision in Fourchy’s Case is not in point because, although Fourchy was indicted for a felony, he was not convicted; hence it was deemed important in that case whether the crime with which Fourchy was charged constituted professional or nonprofessional misconduct. In State v. Weber, the ruling of the court, dismissing the case for want of jurisdiction, was founded upon the misunderstanding that the cause for which the attorney general was seeking to disbar Weber was the offense of which he had been convicted, and not the fact itself that he had been convicted of a felony. The error is made obvious by the court’s reference to State v. Fourchy, in support of the statement that the jurisdiction of the court over disbarment cases was limited to cases of professional misconduct. State v. Fourchy was not an appropriate citation in Weber’s Case, because, as we have said, Fourchy was not convicted of a felony, and the proceeding to disbar him was not founded upon such a cause. So far as the decision in State v. Weber maintains that this court has not jurisdiction to render a judgment of disbarment against an attorney at law on the ground solely that he stands convicted of a felony and is thereby disfranchised, the decision is obviously based upon a misunderstanding of the cause for which the disbarment should have been pronounced, and is not to be regarded as authority.
 

 It is contended, in a supplemental petition of Gowland, that, if we refuse now to annul — or to pronounce null — the judgment of disbarment which was rendered against him, and which cannot be reconciled with the decision rendered after-wards in the case of State v. Weber, we will have violated the provisions of section 1 of the Fourteenth Amendment of the Constitution of the United States, forbidding any state to make or enforce any law which shall abridge the privileges or immunities of citizens of the United States, or deny to any person within its jurisdiction the equal protection of the laws. Surely, the duty of a court to afford to every person within its jurisdiction the equal protection of the laws does not oblige
 
 *87
 
 the court to decide a case wrong merely because, by inadvertence, the court has decided a similar case wrong. That we cannot go back now and undo the error that was committed in State v. Weber is no reason why we should perpetuate the error.
 

 Our attention is directed to the fact that, under the Rules of the Supreme Court, adopted on December 15, 1930, in section 10 of rule 18, 171 La. xix, and as amended on January 2, 1935, 180 La. xiv, the only evidence that is necessary for a judgment of disbarment to be rendered against an attorney who has been convicted of a felony is a certified copy of the judgment of conviction. It is pointed out now that there was no such provision in the rules which were in force when Gowland was disbarred the only rules on the subject of disbarment being the rules adopted on June 30, 1898, 50 La.Ann. xxxv, as an additional paragraph to rule 14 of the rules adopted on December 19, 1896, 48 La.Ann. xvii. But the rule established by the adoption of section 10 of rule 18 on December 15, 1930, is only a rule of evidence. The substantive law on the subject was the same when Gowland was disbarred as it is today. It is in section 111 of the Revised Statutes of 1870, declaring, in substance, that one who is deprived of citizenship is not eligible to be an attorney at law; and it is in section 6 of article 8 of the Constitution of 1921, and was in article 202 of the Constitution of 1898, declaring that one-who has been convicted of a felony, and is not pardoned with express restoration of franchise, shall' not be permitted to register, vote, or hold, any office or appointment of honor, trust or profit. As we said in State v. Gowland, 174 La. 351, 140 So. 500, the pardon of Gowland, with restoration of franchise, reestablished his eligibility for admission to the bar, but it did not reinstate him as a. member of the bar, or annul or affect the judgment of disbarment that was rendered, on the 28th of May, 1910.
 

 The demand of the petitioner is rejected,, and his petition is dismissed at his cost.