10 So.2d 703

## LOUISIANA STATE BAR ASS'N v. STEINER.

No. 36785.

Nov. 4, 1942.

See, also, In re Steiner, 199 La. 500, 6 So.2d 641.

Charles A. McCoy, of Lake Charles, Hollingsworth B. Barret, of Shreveport and Frank W. Hart, and Benjamin Y. Wolf, Chairman, Supreme Court Committee on Professional Ethics and Grievances, both of New Orleans, for plaintiff.

Arthur A. Steiner, of New Orleans, in pro. per.

O'NIELL, Chief Justice.

This is a proceeding to have the name of the defendant, an attorney at law, stricken from the roll of attorneys, and to cancel his license to practice law. The proceeding is brought under the provisions of section 12 of article XIII of the Articles of Incorporation of the Louisiana State Bar Association, which section has been adopted as one of the rules of this court, and which reads as follows:

"Whenever any member of the bar shall be convicted of a felony and such conviction shall be final, the Committee [on Professional Ethics and Grievances] may present to the Supreme Court a certified or exemplified copy of the judgment of such conviction, and thereupon the court may, without further evidence, if in its opinion the case warrants such action, enter an order striking the name of the person so convicted from the roll of attorneys and cancelling his license to practice law in the State of Louisiana. Upon the person so convicted being pardoned by the President of the United States or Governor of this State, the Court, upon application, may vacate or modify such order of disbarment."

In the petition of the committee in this case it is alleged that the defendant was convicted of a felony in the United States District Court for the Eastern District of Louisiana, in New Orleans, as shown by a certified copy of the judgment of conviction and sentence and commitment, attached to the petition, and that the conviction is now final. The certified copy of the judgment shows that, on the 23rd of June, 1932, the defendant was convicted, on his plea of nolo contendere, of the offense of wilfully attempting to defeat and evade the payment of income taxes due to the United States for the years 1936, 1937 and 1938, as charged in the indictment, and that he was fined $980.33 on five counts in the indictment, and that, upon his payment of the fine within 24 hours, as well as $3,921.32 of income taxes which he had sought to evade, with the legal penalties and interest amounting to $1,726.-

17 and $1,037.43, respectively, and the cost of the prosecution, then and in that event, the imposition of a prison sentence should be and in fact was suspended, and that he was placed on probation for five years on condition that he should not violate any state or federal law.

The defendant filed an exception of no cause of action, in which exception he pleads that if the rule of court under which he is being proceeded against should be deemed to be applicable to the facts shown by the petition in this case, the rule would be violative of section 10 of article VII of the Constitution of Louisiana, declaring that the supreme court "shall have exclusive original jurisdiction in all disbarment cases involving misconduct of members of the bar, with the power to suspend or disbar under such rules as may be adopted by the court". The defendant in his exception pleads specifically that the rule under which the committee is proceeding does not apply to a conviction in a federal court, of an offense not cognizable in our state courts, and particularly when the so-called conviction consists only of a federal court's acceptance of the defendant's plea of nolo contendere, and when the judge imposes upon him only a fine, and suspends the imposition of a prison sentence. Hence the defendant pleads that neither the plea of nolo contendere nor the ruling thereon by the federal judge is admissible against him in this proceeding.

At the same time when the defendant filed his exception of no cause of action, and reserving the benefit of the exception, he filed an answer in which he denied that

he was guilty of the crime for which he was convicted, and averred that the income tax returns on which the conviction was founded were prepared by a reputable auditor and that he, the defendant, believed the returns to be true and correct; and that he entered the plea of nolo contendere in the federal court on the advice of counsel that the plea would be accepted by the federal judge, with suspension of the imposition of a prison sentence.

It was stated in this court by the defendant, and was agreed between him and the committee, that the only matter which was submitted then to the court for decision was the exception of no cause of action, and that the defendant's answer to the proceeding should not be considered at this time or until the exception should be disposed of finally.

Inasmuch as the petition contains all of the allegations required by the rule of court under which the proceeding is brought, and inasmuch as the petition is accompanied by a certified copy of the judgment of conviction, the petition does set forth a cause of action if the rule under which the proceeding is brought is not violative of section 10 of article VII of the constitution, conferring upon this court "exclusive original jurisdiction in all disbarment cases involving misconduct of members of the bar". Our opinion is that the phrase "involving misconduct of members of the bar" was not intended to limit and does not limit the jurisdiction of this court in disbarment proceedings so as to forbid the court to disbar a lawyer for having been convicted of a felony,

without regard for the nature of the crime and without requiring any further proof than the certified copy of the judgment of conviction of a court of competent jurisdiction. The rule of court does not provide that the court *shall* disbar an attorney on proof merely that he has been convicted of a felony, but provides that the court *may* disbar the attorney for having been convicted of a felony. The only significance of the use of the word "may", instead of the word "shall", in this phrase, is that in adopting the rule the court reserved to itself the inherent right either to disbar or not to disbar the attorney shown to have been convicted of a felony, perhaps according to the effect of the judgment or sentence imposed upon him, particularly with reference to whether it deprived him of his franchise and thereby disqualified him from being an attorney at law, and, as such, an officer of the court. For it must be borne in mind that in this state there are crimes which are defined as felonies for which the punishment may be either a jail sentence or imprisonment in the penitentiary, in the discretion of the judge. There is no good reason why, in adopting this rule of procedure for striking from the roll of attorneys and cancelling the license of any lawyer who is convicted of a felony in a court of competent jurisdiction, the court should have used the word "shall", instead of the word "may", which expresses merely the court's authority in the premises. It should not take many words to explain that a petition which conforms precisely with the rule of court prescribing the allegations necessary to set forth a cause of action

does in fact set forth a cause of action if the adoption of the rule itself is a lawful exercise of the rule-making power of the court. It was so found very recently in the case of Louisiana State Bar Association v. Leche, 201 La. 293, 9 So.2d 566, and in the case of Louisiana State Bar Association v. Connolly, 201 La. 342, 9 So.2d 582. In both cases it was decided that the rule of court under which the present proceeding is brought was not violative of section 10 of article VII of the Constitution when applied to a case where the defendant is alleged to have been convicted of a felony in a federal court. In the Connolly case the crime of which the defendant was said to have been convicted, and the plea of nolo contendere, and the sentence alleged to have been imposed, were all very similar to those which are set forth in the petition and accompanying certified copy of the judgment of conviction in this case. The writer of this opinion was recused in the Connolly case, and, because of the similarity of the two cases, did not take part in the decision of the Leche case. Two other members of the court dissented from the ruling in those cases. But the majority of the members of the court, including the writer of this opinion, maintain that a petition which contains the allegations prescribed by the rule of court on this subject, and which is accompanied by a certified copy of the judgment of conviction, does set forth a cause of action, and that the rule is not violative of section 10 of article VII of the Constitution of Louisiana when the rule is applied to a conviction in the federal court.

The provision in this rule of court, that upon the person so convicted being pardoned by the President of the United States —or upon his being pardoned by the Governor of this State—the court may vacate or modify the order of disbarment, leaves no doubt that the rule is applicable to a conviction in the federal court.

The writer of this opinion, however, does not subscribe to all that was said in the opinion rendered in the Connolly case, and particularly does he not subscribe to the analysis of the opinion which had been rendered in the case of State v. Fourchy, 106 La. 743, 31 So. 325, or to the approval of the decision in State v. Weber, 141 La. 448, 75 So. 111, or to the unfavorable criticism of the opinion rendered in the case of State v. Gowland, 189 La. 80, 179 So. 41. It appears to the writer of the opinion in the present case that the analysis of the opinion in the Fourchy case, and the approval of the decision in the Weber case, given in the Connolly case, fails to observe that the difference between the Fourchy case and the Weber case was that in the Fourchy case the defendant did not stand convicted of a felony, whereas in the Weber case the opinion begins with this declaration: "This is a proceeding to disbar the defendant on the ground that he has been convicted of the crime of forgery, and is now in the state penitentiary under sentence upon said conviction." In the Fourchy case it is stated correctly, on page 759 of 106 La. and on page 430 of 31 So., that the defendant was convicted of the crime of embezzlement but that the conviction was set aside and a new trial was granted. It is stated also in the opinion rendered in that case that Fourchy did not stand convicted of any crime, and was not proceeded against on the ground that he had been convicted of a crime. The writer of the opinion in the present case therefore adheres to the declaration in the Gowland case that the ruling in the Weber case, dismissing the proceeding on the court's own motion for want of jurisdiction, was based upon a misunderstanding of the ruling in the Fourchy case, and upon a failure to observe that Fourchy was not proceeded against for having been convicted of a felony and in fact did not stand convicted of a felony. In verification of this statement, the opinion and decree rendered in the Weber case are quoted now, from beginning to end, thus:

"This is a proceeding to disbar the defendant on the ground that he has been convicted of the crime of forgery, and is now in the state penitentiary under sentence upon said conviction. The case stands on confirmation of default; no appearance having been made by defendant.

"The jurisdiction of this court for disbarment is limited to cases of professional misconduct. State v. Fourchy, 106 La. 743, 31 So. 325. In committing the forgery in question the defendant appears to have been acting for himself in his individual capacity, and in no way, shape, or form as a lawyer, or in his professional capacity. This court has therefore no jurisdiction of the case. State v. Fourchy, 106 La. 743, 31 So. 325.

"The suit is therefore dismissed for want of jurisdiction."

It is stated in the opinion rendered in the Connolly case, 9 So.2d at page 588, that it was declared in the opinion rendered in the Gowland case that the ruling in the Weber case was based upon obiter dicta contained in the Fourchy case. An examination of the opinion rendered in the Gowland case shows that there was no such declaration or suggestion whatever that the ruling in the Weber case was based upon obiter dicta contained in the Fourchy case. In the Gowland case the ruling in the Weber case was said to be based upon a failure there to observe that Fourchy was not alleged to have been convicted of a felony, was not proceeded against on that ground, and in fact did not stand convicted of a felony at the time when he was proceeded against for disbarment.

In the opinion rendered in the Connolly case, 9 So.2d 589, it is said that Act No. 129 of 1896, which gave the district courts jurisdiction to disbar attorneys at law, remains in effect for the purpose of disbarring attorneys for having been convicted of a felony. The writer of the opinion in the present case considers that declaration a mistake. It appears to be founded upon a misunderstanding of an expression which is quoted from the opinion in the Fourchy case, to the effect that the writers of the Constitution of 1898 intended to limit the exclusive and original jurisdiction of the supreme court in disbarment cases to cases involving professional misconduct, "whilst leaving nonprofessional misconduct to be dealt with in the first instance by the courts of ordinary and general jurisdiction, as provided by the existing laws." [9 So.2d 587.] By

the phrase "in the first instance" the author plainly meant that offenses consisting of nonprofessional misconduct should be dealt with by prosecution and conviction in the criminal court having jurisdiction over such prosecutions, before disbarment proceedings could be instituted against the accused party in the supreme court, if the conviction was of a felony. If there was ever any doubt that that is the meaning of the phrase "to be dealt with in the first instance by the courts of ordinary and general jurisdiction", all doubt was removed by the omission of the word "professional" in the declaration in section 10 of article VII of the Constitution of 1921 that the supreme court "shall have exclusive original jurisdiction in all disbarment cases involving [professional] misconduct of members of the bar". Surely that declaration does not deprive the supreme court of its authority to disbar a lawyer for being disqualified or for having his character blemished by his being convicted of a felony in a court of competent jurisdiction. The omitting of the word "professional", in adopting section 10 of article VII of the Constitution of 1921, did not affect in any way the power or jurisdiction of this court to strike the name from its roll of attorneys, and to cancel the license, of any attorney who is convicted of a felony. The only purpose and effect of the omission of the word "professional" was to abolish the distinction, which had been observed in the Fourchy case, between improper conduct committed by an attorney in his actual practice of law, and improper conduct which, though committed outside of the practice of law,

might render an attorney unfit to be entrusted with a license to practice law. But that has nothing to do with the inherent power of the supreme court to strike the name from its roll, and to cancel the license, of any attorney who has become disqualified by being convicted of a felony, and by being thereby perhaps disfranchised, under the provision in section 6 of article 8 of the Constitution of 1921 (which was article 202 in the Constitution of 1898 and of 1913), forbidding any person to hold any office or appointment of honor, trust or profit, who has been convicted of a crime which may be punishable by imprisonment in the penitentiary, and who has not been pardoned "with express restoration of franchise". That prohibition has appeared, in substantially the same words, in every Constitution Louisiana has had. It appeared in section 4 of article 6 of the Constitution of 1812, in article 92 of the Constitution of 1845, in article 93 of the Constitution of 1852, in article 93 of the Constitution of 1864, in article 99 of the Constitution of 1868, and in articles 148 and 187 of the Constitution of 1879.

If we should apply to this case the declaration made in the opinion rendered in the Connolly case, on page 589 of 9 So.2d—and repeated in the 9th paragraph of the syllabus of that case—we would be obliged to dismiss this proceeding against Steiner for want of jurisdiction ratione materiae. The declaration which we refer to, in the Connolly case, is this:

"In Louisiana, we have a similar statute (Act No. 129 of 1896) which makes it mandatory that an attorney at law who has been convicted of a felony be punished by reprimand, suspension or disbarment. But original jurisdiction of the disbarment proceedings under that statute is vested in the district court of the residence of the attorney and not in this tribunal. State v. Fourchy, supra.".

That declaration seems, to the writer of the present opinion, to be based upon the wrong interpretation of the opinion rendered in the Fourchy case, and therefore it would not be a good reason for dismissing this proceeding against Steiner.

The writer of this opinion must decline of course to subscribe to the following declaration in the Connolly case, quoted from page 588 of 9 So.2d, thus:

"However, a reconsideration of the ground upon which that decision [referring to the decision in the Gowland case] is pitched—that is that this court *has jurisdiction* to disbar an attorney because he has been disfranchised by reason of a conviction for a crime and not because he was guilty of misconduct—is in discord with the Weber and Fourchy cases which we believe are based upon sound principles of constitutional law. As a consequence, the expressions contained in the Gowland case, with reference to the incorrectness of the conclusion reached in State v. Weber, will not be followed." [The italics are by the present writer].

The ruling in the Gowland case was followed—or adhered to—in the Connolly case, as far as the decree in that case went, because the court entertained jurisdiction in the Connolly case. If the court

in that case had followed the doctrine of the Weber case, the court would have been compelled to dismiss the Connolly case for want of jurisdiction, even on the court's own motion. It is the deliberate judgment of the writer of this opinion that, if the court hereafter should refuse to follow the doctrine of the Gowland case, as predicted in the Connolly case, the refusal will be without justification and without any cause whatever except a misunderstanding of the doctrine of the Fourchy case, as disclosed by the quotation in the opinion rendered in the Connolly case. The doctrine of the Gowland case—which it is predicted in the majority opinion in the Connolly case will not be followed—is founded expressly upon section 6 of article 8 of the Constitution (which was article 202 of the Constitution of 1898), declaring (as stated in the Gowland case) that any person who has "been convicted of any crime which may be punishable by imprisonment in the penitentiary, and [who is] not afterward pardoned with express restoration of franchise * * * shall not be permitted to * * * hold office or appointment of honor, trust, or profit in this State." In the Civil Code of Louisiana, in article 2447, attorneys at law are declared to be "public officers connected with courts of justice". In fact, in that article the lawyers are placed in the same category with the judges and other officers of the courts—thus: "Public officers connected with courts of justice, such as judges, advocates, attorneys, clerks and sheriffs", et cetera. Lawyers are so characterized everywhere in the United States. The mark of distinction between the profession of law and the other learned professions is that the profession of law is the only one whose members are required by law to take an oath of allegiance to constitutional government and of fidelity to professional responsibility and fitness. Conceding that this court is not compelled, by the rule which it has adopted on the subject, to enter a decree of disbarment in every instance where an attorney has been convicted of a felony, nevertheless, to say that a conviction of a felony —especially if the judgment of conviction condemns the convicted attorney to a term of imprisonment in the penitentiary, as in the Weber case and in the Gowland case—is not of itself enough to give the court jurisdiction, or to give the bar association a cause of action, to disbar the convicted attorney if the crime does not constitute "professional misconduct" is going too far. If we should follow the doctrine of the Weber case—the error of which was recognized in the Gowland case —we would be compelled to dismiss the present case for want of jurisdiction; and the court would have been compelled to dismiss the Leche case and the Connolly case for want of jurisdiction if in those cases the court had followed the doctrine of the Weber case. It is plain therefore that the doctrine of the Gowland case was followed—and the doctrine of the Weber case was not followed—in the decree which was rendered in the Connolly case.

It is unimportant whether this court had adopted a rule of procedure for cases like this at the time when the Weber case was decided, or at the time when Gowland's

name was stricken from the roll of attorneys. It appears that the rule, in the exact words in which it appears now as section 12 of article XIII of the Articles of Incorporation of the Louisiana State Bar Association, was adopted by this court originally on November 5, 1926, as an amendment of rule XX, being section 13 of that rule, on the subject of the admissions and disbarment of attorneys. 161 La. viii. The rule was retained, word for word, as section 10 of rule 18, in the revision of the rules of court on December 15, 1930, 171 La. xix. But it was not by the adoption of this rule of procedure that the supreme court acquired jurisdiction to strike the name from its roll of attorneys, and to cancel the license, of any attorney who has become disqualified by being convicted of a felony. If this court did not have such jurisdiction in 1910, when Gowland was disbarred for having been convicted of a felony, or in 1917, when the Weber case was decided, the court could not have acquired such jurisdiction by merely adopting a rule of procedure on the subject. All of this is discussed in the opinion rendered in the Gowland case, 189 La. 80, 87, 179 So. 41, 43, where the court, referring to a supplemental brief filed by Gowland, said:

"It is pointed out now that there was no such provision in the rules which were in force when Gowland was disbarred. * * * But the rule established by the adoption of section 10 of rule 18 on December 15, 1930, is only a rule of evidence. The substantive law on the subject was the same when Gowland was disbarred as it is today. It is in section * * * 6 of article 8 of the Constitution of 1921, and was in article 202 of the Constitution of 1898, declaring that one who has been convicted of a felony, and is not pardoned with express restoration of franchise, shall not be permitted to * * * hold any office or appointment of honor, trust or profit."

The writer of the present opinion, therefore, with due respect, considers that the opinion rendered in the Connolly case, so far as it purports to junk the opinion which was rendered unanimously in the Gowland case in 1938, is not well founded.

The phrase "involving misconduct of members of the bar" does not—by necessary implication—deprive this court of its inherent power to disbar an attorney for having been convicted of such misconduct as amounts to a felony. There might be some force in the argument to the contrary if the phrase were for "misconduct of members of the bar", instead of "involving misconduct of members of the bar". But, even then, the argument would have no force against the fact that there is no reason why the writers of the Constitution should have intended—by implication or otherwise—to deprive this court of its inherent and essential power to disbar an attorney for having been convicted of a felony.

The comments made here on the opinion rendered in the Connolly case express the views of the present writer but are not necessarily those of any associate justice who may subscribe to the overruling

of the exception of no cause of action in this case.

The exception of no cause of action is overruled.

PONDER, J., concurs in the result.

ROGERS, J., absent.

McCALEB, Justice (concurring in the decree).

It appears to me that the opinion in this case is obviously an argument to "junk" the opinion in Louisiana State Bar Ass'n v. Connolly, 201 La. 342, 9 So.2d 582, and reinstate the views expressed in State v. Gowland, 189 La. 80, 179 So. 41.

The opinion in the Connolly case speaks for itself and I adhere fully to the views expressed therein.

For these reasons, I respectfully concur in the decree in the instant case overruling the defendant's exception of no cause of action.

HIGGINS, Justice (dissenting).

The petition in this case simply alleges that the defendant, who had been charged in the United States District Court with evading the payment of income taxes, entered a plea of nolo contendere, and was sentenced to a suspended jail term provided he paid a fine and the costs of court. The exceptions of no right and no cause of action were based upon the ground that the petition fails to inform the accused and the court of any act or acts of misconduct whatsoever on the part of the defendant. The respondent also pleaded

that Section 12 of Article 13 of the Articles of Incorporation of the Bar Association, now a part of the Rules of this Court, is inapplicable, but, if held to apply to this case, is unconstitutional, being violative of Article 7, Section 10 of the Constitution of 1921.

This case for all legal purposes is identical with the cases of Louisiana State Bar Ass'n v. Leche, 201 La. 293, 9 So.2d 566, and Louisiana State Bar Ass'n v. Connolly, 201 La. 342, 9 So.2d 582, both of which were decided by a divided court.

In support of the contention that final conviction of a felony is per se an independent ground for disbarment, on the theory that the member of the Bar is disfranchised and loses his citizenship, Article 202 of the Constitution of 1898 and Section 111 of the Revised Statutes of 1870 are relied upon in State v. Gowland, 1938, 189 La. 80, 179 So. 41.

An examination of the original record in the Gowland matter, 1910, reported in 126 La. 262, 52 So. 480, shows that the petition fully alleged the facts charging forgery in the first count, and uttering the forged note in the second count; that the petition also alleged that the defendant was guilty of "professional misconduct" involving moral turpitude, which affected his integrity as a member of the Bar; and that annexed to and made a part of the petition are the indictment and the defendant's plea of guilty to the charge of forgery and uttering, and the judgment of the court sentencing the defendant to the State Penitentiary for a period of four years on each count.

The opinion of the Court, in full, is as follows, 126 La. 262, 52 So. 480:

"Per Curiam. This case having this day been submitted to the court upon the evidence adduced, and the law and the evidence being in favor of the plaintiff and against defendant, and for the reasons assigned:

"It is hereby ordered, adjudged and decreed that the judgment by default herein rendered on the 29th day of April, A. D. 1910, be and it is hereby confirmed and made final, and accordingly there is judgment herein forever disbarring the defendant, Joseph Q. Gowland, from practicing in this state as an attorney and counselor at law, and that his license as such, issued to him by this court on December 19, A. D. 1898, be and it is hereby revoked, annulled and avoided.

"It is further ordered that the costs of this case be paid by said defendant."

In the above quoted opinion, it will be noted that it is not stated that the judgment was predicated upon the ground that Gowland had been convicted of a felony and thereby lost his citizenship. In answering Gowland's claim (189 La. 80, 179 So. 41) that his disbarment was null and void because the Court acted without jurisdiction as conferred upon it by Article 85 of the Constitution of 1898—in that the conviction and sentence resulted from a nonprofessional transaction, or acts—it would have been sufficient to state that his plea came too late. In the disbarment proceeding the issue was tendered point-blank by the petition that he was guilty of "professional misconduct" and,

therefore, the question of jurisdiction of this Court at that time depended upon the question of fact, that is, whether or not Gowland was guilty of professional or nonprofessional misconduct (State v. Fourchy, 106 La. 743, 31 So. 325; In re Fourchy, 175 La. 628, 143 So. 714), and the Court having been satisfied with the proof or "evidence adduced" at that time that he was guilty of the alleged professional misconduct, he could not some twenty-eight years later, when the witnesses were unavailable, resurrect that issue, because the matter was then res adjudicata.

Consequently, the opinion in the Gowland case, 189 La. 80, 179 So. 41, 43, is incorrect in stating that the petition for disbarment was predicated solely upon the ground that the defendant was "convicted of a felony" under the laws of the State of Louisiana, and having been convicted of a felony under the laws of this State, he had lost his franchise and was thereby deprived of his status as a citizen of this State and, therefore, was lacking in one of the essential requirements or qualifications of a lawyer—that he be a citizen of the State of Louisiana.

It is stated in the Gowland case, 189 La. 80, 179 So. 41, 42: "According to section 111 of the Revised Statutes of 1870, a person is not eligible to be an attorney at law in Louisiana unless he has 'the qualifications (except that of residence) necessary to constitute a legal voter.' That law never was repealed, as far as we know."

Section 111 of the Revised Statutes of 1870 provides:

"Any citizen of the United States, possessing the qualifications (except that of residence) necessary to constitute a legal voter, shall be admitted to practice as an attorney at law in any court of this State, upon obtaining a license from the Supreme Court of this State."

Act No. 118 of 1910 reads:

"Be it enacted by the General Assembly of the State of Louisiana: That Section 111 of the Revised Statutes of the State of Louisiana of 1870 be amended and re-enacted so as to read as follows:

"Any citizen of the United States or any person who has declared his intention to become a citizen of the United States before any Court of competent jurisdiction, at least, two years prior to his application to be admitted to practice as an attorney at law in courts of this State, and who has resided in this State, at least, two years, shall be admitted to practice as an attorney at law in any court of this State upon obtaining a license from the Supreme Court of this State."

Therefore, the opinion in the Gowland case, 1938, 189 La. 80, 179 So. 41, is also erroneous in stating that Revised Statute section 111 of 1870 had not been repealed because Act No. 118 of 1910 does amend and re-enact that Section by providing that anyone who is a citizen of the United States, or anyone who has declared his intention to become a citizen of the United States, before a court of competent jurisdiction, at least two years prior to his application to be admitted to practice as an attorney and who has resided in this State two years "shall be admitted to practice

as an attorney at law in any court of this State, upon obtaining a license from the Supreme Court of this State." This act does not state anything about a citizen having to be a qualified elector or voter, as required by Section 111 of the Revised Statute of 1870.

The rules of the Court at the present time only require that the applicant be a citizen of the United States. It is stated in Rule XV of this Court in connection with the "Requirements for Admission to the Bar," that

"3rd. The applicant shall have produced satisfactory evidence that he or she (a) is a citizen of the United States of America, and twenty-one (21) years of age; * * *." 191 La. xlvii.

The loss of the qualification necessary to become a voter or loss of the status of a qualified elector is not equivalent, legally or otherwise, to loss of citizenship either of the State of Louisiana or of the United States of America.

The committee has not cited any federal or state statute or decision to the effect that conviction of a defendant of a felony in the federal courts, the courts of another state, or of this state, shall forfeit that person's status as a citizen of the United States. We know of no federal or state law which provides that conviction of a felony deprives a defendant of his status as a citizen of the United States. As the defendant herein, by his sentence in the federal court for having violated the income tax statute, is neither legally divested of his status as a citizen of the United States nor of the

State of Louisiana under any federal or state law, necessarily, he still enjoys that status and, therefore, cannot be said to be lacking in that indispensable requirement of a member of the Bar.

Furthermore, under Article 202 of the Constitution of 1898, cited in the Gowland case, 189 La. 80, 179 So. 41, while a person convicted of a felony is prohibited from occupying a position of honor, trust, or profit, this does not mean that he is deprived of his status as a citizen, but only that he is disfranchised or deprived of the qualification necessary to hold such a public office, or to vote. While a member of the Bar is an officer of the court, I do not think it was intended, by the provisions of the Constitutions of 1898 (Article 202) and 1921 (Section 6, Article 8), that such member was precluded from membership therein solely on the ground that he had been convicted of a felony. Those provisions refer to public offices in their usual accepted sense, that is, an officer by election or appointment in either the executive, legislative, or judicial branch of the government, who, under the law, has to be a qualified elector to occupy such position of public trust, honor, or profit.

It must be borne in mind that under both Article 85 of the Constitution of 1898, and Article 7, Section 10, of the Constitution of 1921, the basis of this Court's jurisdiction to disbar an attorney is misconduct. If the framers of these two Constitutions intended that final conviction of a felony was to be an independent or per se ground of disbarment, they could have

easily so stated. Obviously, they did not do so.

To demonstrate this point, suppose a member of the Bar while driving an automobile negligently killed a pedestrian and, as a result thereof, was charged and convicted of involuntary manslaughter, which, under the laws of this State, is a felony. Would he be subject to disbarment on the independent ground per se that having been convicted of a felony he was thereby disfranchised, or had lost his status as a qualified elector and was not eligible to occupy any public office of honor, profit, or trust? I think not.

There are able lawyers at the Bar who are not interested in politics and have not qualified as electors, because they have not registered. Are these lawyers subject to disbarment because they are lacking in this qualification to occupy a public office of trust, profit, or honor? The answer is no.

I have been unable to find any authority to the effect that the violation of an attorney's oath in disobeying the criminal law is a ground for disbarment. All of the cases point to the fact that the question of reprimanding, suspending, or disbarring an attorney depends upon his act or acts of misconduct, and the severity of the punishment is in proportion to the gravity of the offense.

For the above reasons and those assigned in the dissenting opinions in the cases of Louisiana State Bar Ass'n v. Leche, 201 La. 293, 9 So.2d 566, and Louisiana State Bar Ass'n v. Connolly, 201 La.

342, 9 So.2d 582, I respectfully dissent from the majority opinion.

FOURNET, Justice (dissenting).

In this case the Committee on Professional Ethics and Grievances of the Louisiana State Bar Association instituted proceedings to disbar the defendant, Arthur A. Steiner, under Section 9 of Rule XVIII of the Supreme Court, as it did in the Leche case, 201 La. 293, 9 So.2d 566, and the Connolly case, 201 La. 342, 9 So.2d 582, without alleging any act of misconduct on the part of the defendant other than the fact that he had been convicted of evading the payment of income taxes on a plea of nolo contendere, as evidenced by the attached judgment, which judgment shows the jail sentence was suspended upon the payment of the fines levied against him and the costs of prosecution.

For the reasons assigned in my dissenting opinions in the Leche and Connolly cases, I respectfully dissent from the majority opinion in this case.