**23 So.2d 206**

**LOUISIANA STATE BAR ASS'N v. RAYL.**

**No. 37635.**

June 5, 1945.

Rehearing Denied June 29, 1945.

Supreme Court Committee on Professional Ethics and Grievances by Benjamin Y. Wolf, Chairman, of New Orleans, for Louisiana State Bar Assn.

Joseph M. Bowab, of New Orleans, for defendant-exceptor.

O'NIELL, Chief Justice.

This is a proceeding by the Louisiana State Bar Association, through its Committee on Professional Ethics and Grievances, for an order to strike the name of an attorney at law from the roll of attorneys and to cancel his license to practice law. The suit is brought under authority of Section 12 of Article XIII of the Articles of Incorporation of the Louisiana State Bar Association.

It is alleged in the petition of the Bar Association that the defendant stands convicted of a felony in the United States District Court for the Eastern District of Louisiana, and that the judgment of conviction dated June 21, 1944, is final. A certified copy of the conviction and of the sentence of imprisonment for the term of eight months, for the crime of making false and fraudulent statements to a federal savings and loan insurance corporation, in violation of Section 1731(e), U.S.C.A. Title 12, is annexed to and made part of the petition of the Bar Association.

The defendant pleads that the Bar Association has no cause or right of action, on the ground that the offense for which he was found guilty and sentenced by the Federal Court was not a matter of professional misconduct, and that the defendant's plea of nolo contendere, under which he, was sentenced by the Federal Court, was, not a conviction. The defendant pleads, also that Section 12 of Article XIII of the Articles of Incorporation of the Louisiana State Bar Association is violative of the due process clause in the 14th Amendment of the Constitution of the United States, in that the rule or section purports to authorize the Supreme Court of Louisiana to condemn and disbar a person without allowing, him a hearing in this court on the question of his guilt or innocence of the crime of which he was convicted.

It is declared in Section 12 of Article XIII of the Articles of Incorporation of the Louisiana State Bar Association, which section is a part of the rules of this court, that whenever a member of the bar shall be convicted of a felony, and the conviction shall have become final, the Committee on Professional Ethics and Grievances may present to the Supreme Court a certified or exemplified copy of the judgment of con-

viction, and thereupon the court may, without further evidence, if in its opinion the case warrants such action, enter an order striking the name of the person so convicted from the roll of attorneys and cancelling his license to practice law in this state. It is declared further in this section that if the person so convicted shall be pardoned by the President of the United States or by the Governor of Louisiana this court may vacate or modify the order of disbarment.

The reference to a pardon being granted by the President of the United States leaves no doubt that the rule is applicable to a conviction in a Federal Court as well as to a conviction in a State Court. Louisiana State Bar Ass'n v. Leche, 201 La. 293, 9 So.2d 566; Louisiana State Bar Ass'n v. Connolly, 201 La. 342, 9 So.2d 582; Louisiana State Bar Ass'n v. Steiner, 201 La. 923, 10 So.2d 703.

It is not necessary in this case to decide whether Section 12 of Article XIII would justify an order of the court striking the name of an attorney from the roll of attorneys and cancelling his license to practice law on proof of his being convicted of a felony not involving either professional misconduct or personal honesty, because the felony of which the defendant in this case stands convicted and for which he has been sentenced to imprisonment does involve common honesty, which should disqualify a person for the practice of law.

This court has construed Section 12 of Article XIII as allowing the attorney who is proceeded against to be cited and to have a hearing on the question whether he has been convicted of a felony and whether the conviction has become final; and we have construed the section as leaving it to our judgment to determine whether the case warrants the striking of the name of the attorney from the roll of attorneys and cancelling his license to practice law. The rule itself does not provide that the court shall, but provides merely that the court may, without further evidence than the proof of the conviction of a felony, enter an order striking the name of the attorney so convicted from the roll of attorneys and cancelling his license to practice law. Section 12 of Article XIII therefore is not violative of the due process clause in the 14th Amendment of the Constitution of the United States. Louisiana State Bar Ass'n v. Connolly, 201 La. 342, 9 So.2d 582; Louisiana State Bar Ass'n v. Steiner, 201 La. 923, 10 So.2d 703; Louisiana State Bar Ass'n v. Steiner, 204 La. 1073, 16 So.2d 843.

The defendant cites and relies upon the case entitled In re Armstrong, 205 La. 67, 16 So.2d 908, in support of the argument that he was entitled to have an investigation by the Committee on Professional Ethics and Grievances before the filing of this suit, and was entitled to have due notice and an opportunity to be heard in the investigation by the Committee. The proceeding against Armstrong was brought under the provisions of Sections 2, 3, 4 and 5 of Article XIII, for the disbarment of a lawyer for professional misconduct. Section 2 provides that complaints of professional misconduct shall be investigated by the Committee on Professional Ethics and

'Grievances before the filing of a disbarment suit; and Section 3 provides that the lawyer complained against shall have due ·notice thereof and a reasonable opportunity ·to defend himself before the Committee. ·These sections have no application to a proceeding brought under Section 12, to can·cel a lawyer's license on the ground of his having been convicted of a felony.

The exception of no cause or right of ·action is overruled.

HIGGINS, J., concurs in the decree.

FOURNET, J., dissents and assigns rea·-sons.

FOURNET, Justice (dissenting).

This case, like the cases of Louisiana 'State Bar Association v. Leche, 201 La. 293, 9 So.2d 566; Louisiana State Bar Association v. Connolly, 201 La. 342, 9 So.2d 582; and Louisiana State Bar Association v. Steiner, 201 La. 923, 10 So.2d 703, is an ·original proceeding to disbar the defendant, Harold J. Rayl, on the bare allegation that 'he was convicted, on a plea of nolo contendere, of a felony in the United States District Court for the Eastern District of Louisiana, New Orleans Division, in the matter entitled United States v. Harold J. .Rayl, No. 21,129, Criminal, as will ap-.pear from the certified copy of judgment of ·conviction, sentence, and commitment attached to and made a part of the petition, with no other allegation of the defendant's misconduct nor any facts from which a ·conclusion might fairly be drawn that the

defendant is guilty of misconduct on which his disbarment might be based.

It is my opinion that the petition fails to disclose a cause of action, and for this reason I respectfully dissent from the holding of the majority opinion.