249 So.2d 103

**LOUISIANA STATE BAR ASSOCIATION**

v.

**Michael M. BEARDEN.**

No. 51203.

June 7, 1971.

Louisiana State Bar Ass'n Committee on Ethics and Grievances, A. Leon Hebert, Baton Rouge, Chairman, Pat. W. Browne, Sr., James H. Drury, New Orleans, John F. Pugh, Thibodaux, Edgar H. Lancaster, Jr., Tallulah, Thomas O. Collins, Jr., New Orleans, for petitioner.

Dudley D. Flanders, New Orleans, for respondent.

McCALEB, Chief Justice.

Louisiana State Bar Association (hereafter called the Association), through its Committee on Professional Ethics and Grievances (hereafter referred to as the Committee), instituted this action for disbarment against Michael M. Bearden. Thereafter, on May 4, 1971, we issued an order on Bearden to show cause why his name should not be stricken from the roll of attorneys and why his license to practice law in the State of Louisiana should not be cancelled.

The proceeding was brought pursuant to Section 12 of Article XIII of the Articles of Incorporation of the Association, which has been adopted as a rule of this Court and which reads as follows:

"Whenever any member of the bar shall be convicted of a felony and such conviction shall be final, the Committee may present to the Supreme Court a certified or exemplified copy of the judgment of such conviction, and thereupon

the court may, without further evidence, if in its opinion the case warrants such action, enter an order striking the name of the person so convicted from the roll of attorneys and cancelling his license to practice law in the State of Louisiana. * * * "

The petition for disbarment and the annexed document show that on September 13, 1968 respondent was convicted by a jury in the federal district court (Western District of Louisiana) on forty-one counts of embezzling and converting to his own use certain monies deposited in a federally insured bank. He was sentenced on twelve counts to a total of fifteen years imprisonment. Imposition of sentence on the remaining counts was suspended, and respondent was placed on probation for a period of one year, the probation to be consecutive to the sentences imposed. His conviction and sentences were affirmed and he was incarcerated in the United States Penitentiary at Atlanta, Georgia, on November 20, 1970.

On March 18, 1971 the Committee prayed that a curator-ad-hoc be appointed to represent Bearden in these proceedings, inasmuch as it was unable to secure personal service on him because of his absence from the State. On March 22, 1971 Mr. Dudley D. Flanders, a licensed and practicing attorney at law, was appointed by this Court to represent the respondent.

In Louisiana State Bar Ass'n v. Connolly, 201 La. 342, 9 So.2d 582 (1942), we maintained the validity of Article XIII, Section 12 as a rule of this Court, to be well within the exclusive power conferred by Section 10 of Article VII of the Constitution and held that the provisions thereof were effective as a rule of evidence under which a judgment of conviction of a felony is to be considered as prima facie proof of the fact of misconduct by the attorney, sufficient in the absence of evidence to the contrary, to sustain a judgment of disbarment. This ruling was affirmed in Louisiana State Bar Ass'n v. Rayl, 208 La. 531, 23 So.2d 206; and Louisiana State Bar Ass'n v. Cawthorn, 223 La. 884, 67 So.2d 165. See also Louisiana State Bar Ass'n v. Leche, 201 La. 293, 9 So.2d 566.[1]

The pleadings filed herein show that the Committee mailed to Bearden at the United States Penitentiary in Atlanta, Georgia, by certified mail, a copy of the petition and order. The receipt of the notice was signed apparently by an official of that institution. No answer was received. There-

---

1. It is not necessary that we decide whether Section 12 of Article XIII would justify disbarment on proof of an attorney's being convicted of a felony not involving professional misconduct or personal dishonesty. The felonies of which this respondent was convicted—embezzlements, which because of their multiplicity must have occurred over a period of time —obviously involve personal dishonesty, which would disqualify a person from practicing law.

after, as we have heretofore indicated, the Committee caused the appointment of a curator-ad-hoc to represent him.

On the return day of the rule to show cause, the curator appeared and informed the Court that he has attempted unsuccessfully to communicate with Bearden on several occasions; that he had written to him, sending with the letter a copy of the petition and order, but that he had never received a reply, although he was informed by prison officials that Bearden was free to respond to the communications if he so desired. Specifically counsel states in a written answer, filed after the case was submitted, that he had contacted a Mr. Strobel, Bearden's "case manager" at the penitentiary; that "Mr. Strobel knew of the disbarment proceedings and assured attorney for respondent that the respondent had received the papers sent to him by the Bar Association and by his attorney and furthermore, that the respondent could obtain permission to write the attorney appointed to represent him"; that these matters had been checked carefully, and that as far as he (Mr. Strobel) knew, respondent "had not requested permission to write the attorney appointed by the Supreme Court to represent him in these disbarment proceedings."

The curator also informed the Court that he had conferred with Bearden's sister, that she advised him that Bearden still maintains his innocence and that it was believed that Bearden might be able, at some unspecified later date, to show that the charges against him were unfounded. Nothing more specific in Bearden's defense has been presented.

In view of the foregoing, we hold that the Association has made out a prima facie case for disbarment of the respondent to which the latter has made no defense whatsoever.[2] Consequently, a judgment for disbarment as prayed for by the Association is in order.

For the reasons assigned it is ordered, adjudged and decreed that the name of Michael M. Bearden be stricken from the roll of attorneys and his license to practice law in Louisiana be and the same is hereby recalled.

It is further ordered that the defendant pay all costs of this proceeding.

2. Just before this case was called for oral argument, the curator filed a written motion for a continuance, and orally reurged it in open court. The motion was based on the fact that, due to respondent's incarceration, the curator had not received any communications from him, and on the nebulous assertions of his sister, heretofore referred to. In view of the respondent's failure to assert any defense in his own behalf, despite the diligent efforts of his curator, we felt that a continuance was not justified and overruled the motion.