*746
 
 DISBARMENT PROCEEDING
 

 DIXON, Justice.
 

 The Committee on Professional Responsibility of the Louisiana State Bar Association instituted this disbarment proceeding against Leslie B. Ponder, Jr., a member practicing in Tangipahoa Parish. The committee’s petition for disbarment is based upon respondent’s final conviction of two counts of filing false federal income tax returns. (26 U.S.C. 7206(1)). Respondent was convicted by a jury in the United States District Court for the Eastern District of Louisiana December 29, 1969. The United States Court of Appeals for the Fifth Circuit affirmed the conviction and the United States Supreme Court denied respondent’s application for a writ of certiorari February 22, 1972. Respondent received a “pardon” from the Governor of Louisiana on March 6, 1972. On April 12, 1972 the committee instituted this disbarment proceeding.
 

 Respondent filed an exception of prematurity alleging that (1) the law governing this proceeding is the Articles of Incorporation of 1941, and, under that law, respondent must be given a hearing by the committee before proceedings are instituted against him, and (2) the conviction is not final in that respondent plans to file motions either to set aside the sentence or to reduce the sentence.
 

 Respondent also filed exceptions of no right or cause of action and a motion to dismiss the proceeding alleging that (1) members of the Louisiana State Bar Association can not be disbarred on the basis of a federal felony conviction; (2) the pardon by the Governor of Louisiana is a bar to any disciplinary action; and (3) that filing false income tax returns is not the type of crime which requires disbarment.
 

 Respondent also filed a motion seeking the admission of certain facts.
 

 We find that the exceptions and the motion for dismissal are without merit and that respondent’s motion for the admission of certain facts should be denied.
 

 I.
 
 Exception of Prematurity
 

 Respondent’s conviction became final twenty-five days after the United States Supreme Court denied respondent’s application for a writ of certiorari. Rule 58 of the Rules of the Supreme Court of the United States. Cutrer v. Humble Oil & Refining Company, 228 F.Supp. 787 (E.D.La.1964), aff’d Stevens v. Humble Oil & Refining Co., 346 F.2d 43 (5th Cir.1965), cert. denied 382 U.S. 978, 86 S.Ct. 546, 15 L.Ed.2d 468 (1966). The United States Supreme Court denied respondent’s writ application February 22, 1972. No rehearing application was filed within the twenty-five days. Therefore, on April 12, 1972, when the committee instituted this proceeding, respondent’s conviction was final.
 

 
 *748
 
 The current Articles of Incorporation of the Louisiana State Bar Association became effective on September 1, 1971. Because respondent’s conviction became final after this date, the committee properly instituted this disciplinary action pursuant to Article 15, Section 8(7) of the Articles of Incorporation of 1971. However, under the articles of incorporation as they formerly existed or as they presently exist, respondent has no right to a hearing by the committee prior to the institution of disciplinary proceedings in this court. Respondent’s hearing is held before a commissioner appointed by this court after the committee institutes the disciplinary proceeding by petitioning this court for respondent’s disbarment. Sections 7, 12, Articles of Incorporation of 1941; Article 15, Section 8(7), Articles of Incorporation of 1971; Louisiana State Bar Association v. Rayl, 208 La. 531, 23 So.2d 206.
 

 Thus, respondent’s exception of prematurity is without merit.
 

 II.
 
 Exceptions of No Right or Cause of Action and Motion to Dismiss
 

 Respondent contends that a member of the Louisiana State Bar Association can not be disbarred on the basis of a federal felony conviction. However, both the articles of incorporation and the jurisprudence clearly provide that a federal felony conviction may form the basis of disbarment-Article 13, Section 12, Articles of Incorporation of 1941; Article 15, Section 8, Articles of Incorporation of 1971; Louisiana State Bar Association v. Leche, 201 La. 293, 9 So.2d 566 (using the United Statesman to defraud); Louisiana State Bar Association v. Connolly, 201 La. 342, 9 So.2d 582 (willfully attempting to evade the payment of federal income tax); Louisiana. State Bar Association v. Steiner, 201 La. 923, 10 So.2d 703 (willfully attempting to* evade the payment of federal income tax) ; Louisiana State Bar Association v. Rayl, 208 La. 531, 23 So.2d 206 (making false-statements to a federal savings and loan insurance corporation).
 

 Also, a pardon is not an absolute-defense to disbarment as respondent contends. People ex rel. Colorado Bar Association v. Burton, 39 Colo. 164, 88 P. 1063. See, State v. Gowland, 189 La. 80, 179 So. 41; People ex rel. Deneen v. Gilmore, 214 Ill. 569, 73 N.E. 737; Verneco, Inc. v. Fidelity & Casualty Company of New York, 253 La. 721, 219 So.2d 508 (dictum).
 

 The committee attached a certificate of' respondent’s conviction to its petition for-disbarment and alleged in the petition that the conviction was for a “felony and a serious crime.” Article 15, Section 8, Articles of Incorporation of the Louisiana. State Bar Association. Respondent was.
 
 *750
 
 convicted of violating 26 U.S.C. 7206, -which specifically provides that:
 

 “Any person who . . . (violates the provisions of this statute) . . . shall be guilty of a felony . . .”
 

 Further investigation into the nature of •the offense as it bears upon the disciplinary proceedings must await the hearing by the commissioner. Article 15, Section •8(7) (d) provides:
 

 “At the hearing based upon a respondent’s conviction of a crime, the sole issue to be determined shall be whether the ■crime warrants discipline, and if so, the ■extent thereof. At the hearing the re■syondent may offer evidence only of ■mitigating circumstances not inconsistent with the essential elements of the crime for which he was convicted as determined by the statute defining the crime.”
 

 Therefore, respondent’s allegation that the committee has no right or cause of ¡action against him is without merit. Respondent’s exceptions and motion to dismiss are denied.
 

 III.
 
 Motion for Admissions
 

 The admissions respondent seeks are not ¡admissions of fact, but a request for admissions of certain conclusions, some legal and most irrelevant.
 

 The exceptions of prematurity, no right •of action and no cause of action are overruled; the motion to dismiss is denied; and the motion for admissions is denied.